UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **SABINE PIPE LINE LLC,** | * | Civil Action Number: |
| | * | 6:11-CV-02050 |
| **Plaintiff** | * | |
| | * | |
| v. | * | District Judge: DOHERTY |
| | * | Magistrate Judge: HILL |
| **60.88 ACRES OF LAND, MORE** | * | |
| **OR LESS, IN VERMILLION** | * | |
| **PARISH, LOUISIANA; MARCIA** | * | |
| **ANNE EVANS A/K/A MARCIA** | * | **Defendants Request** |
| **EVANS PAGEAU,** *ET AL.***; AND** | * | **a Jury Trial** |
| **ALL UNKNOWN OWNERS,** | * | |
| | * | |
| **Defendants** | * | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CLARIFY
CONSOLIDATED RULE 71.1 PLEADING AND, IN THE ALTERNATIVE,
REQUEST FOR CONSIDERATION OF MOTION TO DISMISS AND MOTION
TO STAY AS RULE 71.1 OBJECTIONS AND DEFENSES**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Marcia Anne Evans A/K/A Marcia Evans Pageau, *et al.*, ("Defendants"), the owners of the property identified in this condemnation action that have been properly served, who hereby file this Memorandum in Support of Defendants' Motion to Clarify Consolidated Rule 71.1 Pleading and, in the Alternative, Request for Consideration of Motion to Dismiss and Motion to Stay as Rule 71.1 Objections and Defenses.

As discussed herein, a consolidated pleading combining a motion to dismiss and answer offers the sole option under FRCP 71.1 ("Rule 71.1") by which Defendants may seek a dismissal without waiving additional objections and defenses, "A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed."[1]  As an alternative to acceptance of the consolidated pleading, Defendants ask the court to treat the motion to dismiss and

---
[1] FRCP 71.1(e)(3).

1

motion to stay as "objections and defenses" to the Complaint for Condemnation and requests for relief. As a final alternative, Defendants request that they be allowed to fila an amendment as instructed by the Court.

## LAW AND ARGUMENT

As discussed in Defendants' Consolidated FRCP 71.1 Motion to Dismiss, Objections and Defenses, Answer and Motion to Stay Proceeding filed on January 10, 2012, the Complaint for Condemnation represents an utter abuse of the power of condemnation by a private company seeking to shield a corporate affiliate from potential liability for millions of dollars of damages related to the Defendants' environmental case pending in state court in Louisiana. Despite lacking authority for the condemnation under the Natural Gas Act, 15 U.S.C. §717f(h), as well as refusing multiple efforts by Defendants to negotiate a resolution to provide Plaintiff, Sabine Pipe Line LLC ("Plaintiff"), with additional access beyond what Plaintiff already has through 2018, Plaintiff has nonetheless filed the Complaint for Condemnation that requires prompt dismissal. Alternatively, if the Court declines to summarily dismiss this case, then the Court should defer action entirely until Defendants' environmental case is resolved pr consider Defendants' objections to the scope and constitutionality of the proposed taking.

Given the unique procedural nature of Rule 71.1, which allows Defendants only one opportunity to respond in contrast to more traditional federal practice that allows a motion to dismiss and an answer, a consolidated pleading is the only option that would allow Defendants to invoke the Court's authority to dismiss this case while preserving valid objections and defenses. Although Rule 71.1 has not been the subject of extensive interpretation, other courts have adopted a flexible approach that allows defendants to

assert a broad range of defenses and seek a variety of remedies in responsive pleadings.[2]

Defendants urge similar flexibility in this case but, if the Court declines to accept the consolidated pleading, then Defendants request that the Court treat the motion to dismiss and motion to stay as "objections and defenses" to the Complaint for Condemnation and requests for relief.

### A. Rule 71.1 Leaves Defendants No Option To Seek Dismissal While Preserving Objections and Defenses

Condemnation actions under the Natural Gas Act, 515 U.S.C. §717f(c) are governed by Rule 71.1. Rule 71.1(e) requires that a defendant's answer "state all the defendant's objections and defenses to the taking."[3] Objections or defenses not stated in the answer are deemed to be waived.[4] Rule 71.1(e) further states that besides the answer "no other pleading or motion asserting an additional objection or defense is allowed."[5]

However, Rule 71.1(i)(1)(C) states that "At any time before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property." So if Rule 71.1(i) allows the court to dismiss upon motion, but Rule 71.1(e) allows only one pleading to assert objections or defenses, then the question becomes how can a defendant get a motion to dismiss before the court without waiving objections and defenses? The plain language of Rule 71.1 as well as notions of fairness and equity suggest that Rule 71.1(e) contemplates that a defendant in a condemnation action may serve a consolidated motion to dismiss and answer in the same pleading. Defendants should not be forced to choose between moving to dismiss a frivolous

---

[2] See *Natural Gas Pipeline Company of America v. 3.39 Acres of Land, More or Less, in Cameron Parish, Louisiana*, 2009 U.S. LEXIS 59419 (W.D. La. 2009) (allowing Defendants' answer, motion to dismiss and to compel arbitration in response to Rule 71.1 condemnation complaint); *Wheeling v. Fragassi*, 2010 U.S. Dist. LEXIS 80753 (N.D. Ill. 2010) (accepting and granting Defendant's motion to dismiss, filed subsequent to answer, and rejecting argument that Rule 71.1. precludes motion and answer).
[3] FRCP 71.1(e)(2)(C).
[4] FRCP 71.1(e)(3).
[5] *Id.*

3

condemnation action on one hand and potentially waving objections and defenses on the other.  A consolidated pleading complies with Rule 71.1 and strikes the appropriate balance under these circumstances.

There is scant jurisprudence interpreting Rule 71.1.[6]  Nevertheless, recognizing the due process considerations inherent in the right to challenge all aspects of a condemnation - *i.e.,* not just the amount of compensation due, but also authority for the taking, courts have exhibited some flexibility in allowing defendants to seek various forms of relief in responsive pleadings provided that Defendants' objections are legally sound and are not raised solely for the purpose of delaying the taking.  In a case from the United States Court of Appeals for the Fifth Circuit, the procedural history indicates that the trial court entertained a consolidated motion to dismiss and answer under FRCP 71A, which was the identical predecessor version of Rule 71.1.[7]  On appeal, neither party challenged the trial court for accepting and ruling on a consolidated pleading, nor did the Court suggest that the trial court's ruling reflected any procedural error.[8] In *Natural Gas Pipeline Company of America v. 3.39 Acres of Land, More or Less, in Cameron Parish, Louisiana*, 2009 U.S. LEXIS 59419, this Court entertained a motion to dismiss, motion to compel arbitration, and motion for a stay.[9]  The Court rejected the plaintiffs' position that Rule 71.1 does not allow motions and answers in a condemnation action and construed

---

[6] *Wheeling v. Fragassi*, 2010 U.S. Dist. LEXIS 80753 at *9 (noting paucity of caselaw on 71.1 in Seventh Circuit).
[7] *West v. United States of America*, 374 F.2d 218 (1967).
[8] *Id.*
[9] *Natural Gas Pipeline Company of America v. 3.39 Acres of Land, More or Less, in Cameron Parish, Louisiana*, 2009 U.S. LEXIS 59419.

the motions as an amendment to the answer.[10] The Court also granted the request for arbitration and deferred a ruling on the condemnation action.[11]

Likewise, in *Wheeling v. Fragassi*, 2010 U.S. Dist. LEXIS 80753, the United States District Court for the Northern District Court of Illinois granted a motion to dismiss a condemnation action that was filed after the defendant had filed an answer.[12] The Court determined that the defendant's motion to dismiss was stronger than the answer because it requested specific relief.[13] In addition, the Court found that resolving the case on motion would not create the sort of undue delay that Rule 71.1 was intended to avoid.[14]

In this case, Defendants' consolidated pleading is even more closely related to the actual language of Rule 71.1 than the filings in the above referenced cases where the Courts entertained both a motion to dismiss and answer. For that reason, the court should accept this consolidated filing, ruling first on the motion to dismiss, then considering the objections and defenses and the motion to stay only in the event that the motion to dismiss is denied.

### B. In the Alternative, the Court Should Treat the Motion to Dismiss and Motion to Stay as Rule 71.1 Objections and Defenses

"All pleadings should be construed as to do substantial justice"[15] and courts have discretion in interpreting defendants' answers in condemnation proceedings.[16] Due to the

---

[10] *Id.*
[11] *Id.*
[12] *Wheeling v. Fragassi*, 2010 U.S. Dist. LEXIS 80753.
[13] *Id.*
[14] *Id.*
[15] FRCP 8
[16] *United States v. 18.2 Acres of Land, More or Less, in Butte County, State of California*, 442 F. Supp. 800, 804 (E.D. Cal. 1977) (refusing to hold that defendant had waived a defense because when he pled it he used improper terminology; "Rule 71A is not to be read in a vacuum, and the case law provides this court

special procedure used in condemnation proceedings and the ambiguity associated with Rule 71.1, if the Court declines to allow the motion to dismiss and motion to stay to be incorporated along with the answer, then Defendants alternatively request that this Court simply treat the motion to dismiss and motion to stay as "objections and defenses" to the Complaint for Condemnation and requests for relief.  The factual background is common to all sections of the pleading and the arguments in the motion to dismiss and the motion to stay track and amplify several of the objections and defenses already raised.

### C.    Amendment of Pleading in Response to Directive of the Clerk

As a final alternative, Defendants can sever the pleading into separate documents or amend the documents as directed by the Court.  Although some courts have held that Rule 71.1 does not permit both an answer and motion, Defendants have referenced two federal district court cases where the Courts agreed to consider and accept both a motion and an answer.[17]  Although Defendants are reluctant to risk dismissal of their motion to dismiss or motion to stay by filing separate pleadings, Defendants will do so here to comply with this Court's rules provided that these documents are accepted as timely filed.

**WHEREFORE**, Defendants, Marcia Anne Evans A/K/A Marcia Evans Pageau, *et al.* respectfully request the following:

---

with sufficient justification to be liberal in its interpretation of defendant's answer"); *City of Davenport, Iowa v. Three-Fifths of an Acre of Land, More or Less, in City of Moline, Illinois*, 147 F. Supp. 794, 796 (S.D. Ill. 1957) (in a condemnation proceeding where defendant filed a motion to dismiss but did not file an answer, the court considered the "motion to dismiss as an answer in order that the matter may be determined upon its merits rather than upon a strict construction of procedure").

[17] See *Natural Gas Pipeline Company of America, supra,* 2009 U.S. LEXIS 59419 (W.D. La. 2009)(allowing both answer and various in response to Rule 71.1 condemnation complaint); *Wheeling v. Fragassi, supra* 2010 U.S. Dist. LEXIS (accepting and granting Defendant's motion to dismiss, filed subsequent to answer, and rejecting argument that Rule 71.1. precludes motion and answer).

(1) That Defendants' Consolidated FRCP 71.1 Motion to Dismiss, Objections and Defenses, Answer and Motion to Stay Proceeding be filed and considered timely;

(2) Alternatively, that the Court treat the motion to dismiss and motion to stay as "objections and defenses" to the Complaint for Condemnation and requests for relief; or,

(3) That the Court grant other relief as deemed appropriate and just.

Respectfully Submitted,

s/     Stuart H. Smith
Stuart H. Smith   (La. Bar No. 17805)
Michael G. Stag  (La. Bar No. 23314)
John L. Fontenot (La. Bar No. 26640)
Sean S. Cassidy   (La. Bar No. 26842)
Robert McMillin (La. Bar No. 29341)
**SMITH STAG, L.L.C.**
365 Canal Street, Suite 2850
New Orleans, LA 70130
Ph.: (504) 593-9600
Fax: (504) 593-9601

s/     Jessica W. Hayes
Stephen B. Murray (La. Bar No. 9858)
Stephen B. Murray, Jr. (La. Bar No. 23877)
Arthur M. Murray (La. Bar No. 27694)
Jessica W. Hayes  (La. Bar No. 28927)
Nicole Ieyoub-Murray (La. Bar No. 28088)
**MURRAY LAW FIRM**
650 Poydras Sreet, Suite 2150
New Orleans, LA 70130
Ph.: (504) 525-8100
Fax: (504) 584-5249

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

       I, Jessica W. Hayes, do hereby certify that on January 19, 2012, that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic servicing and a copy of the foregoing has been served upon all counsel of record who are not authorized to receive electronic servicing by placing same, properly addressed and first class postage prepaid, in the United States mail.

                                                                              s/       Jessica W. Hayes
                                                                             Jessica W. Hayes