UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SABINE PIPE LINE LLC,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 6:11-CV-02050 |
| ) | |
| **60.88 ACRES OF LAND, MORE OR** ) | **JUDGE RICHARD T. HAIK, SR.** |
| **LESS, IN VERMILION PARISH,** ) | |
| **LOUISIANA; MARCIA ANNE** ) | **MAGISTRATE JUDGE** |
| **EVANS A/K/A MARCIA EVANS** ) | **C. MICHAEL HILL** |
| **PAGEAU,** *ET AL.***; AND ALL** ) | |
| **UNKNOWN OWNERS,** ) | |
| ) | |
| **Defendants** ) | |

**SABINE PIPE LINE LLC'S
RESPONSE AND MEMORANDUM IN OPPOSITION TO
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER PURSUANT TO
RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Sabine Pipe Line LLC ("Sabine") files this response and memorandum in opposition to the Motion for Leave to File an Amended Answer Pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Motion for Leave") filed on behalf of the Answering and certain Non-Answering Defendants.

**SUMMARY OF THE OPPOSITION**

The 56 defendants identified in Exhibit 1 (the "Non-Answering Defendants") were served with an Amended Notice of Condemnation and did not file an answer within 21 days thereafter. Pursuant to Rule 71.1(e) of the Federal Rules of Civil Procedure, they have waived any objections and defenses to the acquisition of their undivided interests in the property that is the subject of this condemnation proceeding.

In an effort to avoid the consequences of their inaction, 54 of the Non-Answering Defendants, joined by the defendants who timely answered (the "Answering Defendants"), have filed the Motion for Leave. In that motion, they request the Court to allow the filing of Defendants' Second Amended Consolidated FRCP 71.1 Motion to Dismiss, Objections and Defenses, Answer and Motion to Stay Proceeding (the "Second Amended Consolidated Motion"). The Motion for Leave suggests that its purpose is "to join all Defendants as indispensable parties."[1]

There is no need to "join" the Non-Answering Defendants, as they are already parties to this proceeding. It is thus apparent that the true, unstated purpose of the filing is to allow the Non-Answering Defendants to assert objections and defenses that have been waived. Because this result is foreclosed by the plain language of Rule 71.1(e), the Motion for Leave should be denied.

## BACKGROUND

Sabine initiated this proceeding with the filing of its Complaint for Condemnation on November 23, 2011. Pursuant to Rule 71.1(d), Sabine subsequently arranged for service of an Amended Notice of Condemnation (the "Amended Notice") on each of the named defendants.

Upon being served, the Answering Defendants filed a pleading asserting various objections and defenses to the acquisition of their undivided interests.[2] However, the

---

[1] Rec. doc. 133 at 3.

[2] Rec. doc. 48.

2

Non-Answering Defendants did not file an answer to the Complaint within 21 days after being served with an Amended Notice.[3]

Sabine has filed a Motion to Confirm its Right to Acquire the Undivided Interests Owned by Non-Answering Defendants.[4] The Motion for Leave was filed in response to, and seeks to avoid the relief sought in, that motion.

## ARGUMENT AND AUTHORITIES

A defendant's options for responding to a condemnation proceeding are set forth in Rule 71.1(e). That rule establishes that a defendant may respond to a condemning authority's complaint in one of three ways: (i) if the defendant has no objection to the taking of its property interest, it may serve a notice of appearance designating the property in which it claims an interest; (ii) if the defendant wishes to assert an objection or defense to the taking, it must serve an answer to the complaint within 21 days after being served with notice thereof; or (iii) the defendant may choose not to file any responsive pleading.[5]

Rule 71.1(e)(2) provides that "[a] defendant that has an objection or defense to the taking *must* serve an answer within 21 days after being served with the notice."[6] Rule 71.1(e)(3) establishes that "[a] defendant *waives* all objections and defenses not stated in

---

[3] *See* Ex. 1.

[4] Rec. doc. 126.

[5] Fed. R. Civ. P. 71.1(e).

[6] *Id*. 71.1(e)(2) (emphasis added).

3

its answer."[7] Consistent with these rules, federal courts have held that a defendant who does not timely file an answer to a complaint waives all objections and defenses to the acquisition of the defendant's property interest and may not later contest the condemning authority's right to acquire it.[8]

The Motion for Leave provides no support for the movants' effort to circumvent the clear language of Rule 71.1(e).

**A.     There Is No Basis For "Joinder" Of The Non-Answering Defendants.**

The Motion for Leave is based on the premise that the Non-Answering Defendants are not before the Court. That premise is nonsense. Each of the 54 Non-Answering Defendants joining in the Motion for Leave was made a party to the proceeding, was served with an Amended Notice, and has now made an appearance. There is no necessity for "joinder" of parties who are already before the Court.

**B.     The Authorities Cited In The Motion For Leave Do Not Support The Requested Relief.**

Although couched as a request by the Answering Defendants for leave to "join" the Non-Answering Defendants, in substance the Motion for Leave is a request by the Non-Answering Defendants to assert objections and defenses that have been waived. Regardless of how it is characterized, however, the authorities cited in the motion do not support the relief sought.

---

[7] *Id*. 71.1(e)(3) (emphasis added).

[8] *See Columbia Gas Transmission, LLC v. Crawford*, 746 F. Supp. 2d 905, 909 (N.D. Ohio 2010); *U.S. v. 4.724 Acres of Land*, 31 F.R.D. 290, 291 (E.D. La. 1962); *see also Gov't of V.I. v. 19.623 Acres of Land*, 536 F.2d 566, 569 (3rd Cir. 1976) (holding property owners could not challenge the condemning authority's legislative power to take their property where such defense was not stated in their answer).

In both *Natural Gas Pipeline Co. of America v. 3.39 Acres of Land*[9] and *United States v. 729.773 Acres of Land*,[10] the defendant-landowners timely filed answers to the acquiring entities' complaints.  The defendants subsequently sought and were granted leave to amend those answers to assert additional defenses to the acquisition of their properties.[11]  The courts in both cases made clear that the amendments were permitted only because the defendants had answered timely.  Indeed, the court in *729.773 Acres of Land* noted that the added defenses could be considered "since [the landowner's] first answer was filed within the time period allowed by Rule 71A(e)."[12]  Neither opinion addressed the issue of joinder of parties.

The holdings in *Northern Natural Gas Co. v. 9,117.53 Acres*[13] and *United States v. 45.43 Acres of Land*[14] are equally inapposite.  The *Northern Natural Gas* court granted the landowner leave to amend its timely-filed answer "to clarify the nature and extent of the interest it claim[ed] in the property identified in the complaint."[15]  The court in *45.43*

---

[9] No. 09-724, 2009 WL 2135151, at *2 (W.D. La. July 10, 2009).

[10] 531 F. Supp. 967, 969 (D. Hi. 1982).

[11] *Natural Gas Pipeline Co. of Am.*, 2009 WL 2135151, at *2-3; *729.773 Acres of Land*, 531 F. Supp. at 970.

[12] *729.773 Acres of Land*, 531 F. Supp. at 970-71.

[13] No. 10-1232-WEB, 2011 WL 2118642 (D. Kan. May 27, 2011).

[14] No. CV 08-463-S-CWD, 2009 WL 1605127 (D. Idaho June 4, 2009).

[15] *N. Natural Gas Co.*, 2011 WL 2118642, at *4.

*Acres of Land* merely refused to strike the landowners' reservation of the right to amend their timely-filed answer.[16] Again, neither opinion addressed the issue of joinder.

Nothing in these authorities supports the granting of leave for the Answering Defendants to assert an original, untimely answer for the Non-Answering Defendants by way of the Second Amended Consolidated Motion. To the contrary, the cases highlight the apparent absence of any precedent for (i) a defendant in a condemnation proceeding to file an untimely answer or (ii) an answering defendant to "join" a non-answering defendant already before the court.

### C. The Attempt To Blame Sabine For The Non-Answering Defendants' Inaction Is Misdirected.

The Motion for Leave suggests that Sabine was somehow responsible for assuring that the Non-Answering Defendants timely filed an answer setting forth their objections and defenses to the acquisition of the Property. It references no authority for such a proposition, and Rule 71.1 provides no support for the argument.

Rule 71.1(d) requires that each defendant in a condemnation proceeding be served with notice of the proceeding. Consistent with this rule, each named defendant was served with an Amended Notice, which provided in relevant part:

> 4. **Pursuant to Rule 71.1(e) of the Federal Rules of Civil Procedure, if you want to object or present any defense to the taking, you must serve an answer on the plaintiff's attorney within 21 days after being served with this Notice**, **any other rule of procedure notwithstanding.** . . .
>
> 5. Your answer must identify the property in which you claim an interest, state the nature and extent of that interest, and state all your

---

[16] *45.43 Acres of Land*, 2009 WL 1605127, at *2-3.

6

>   objections and defenses to the taking. Objections and defenses not presented are waived.
>
>   6. If you fail to answer you consent to the taking and the court will enter a judgment that takes your described property interest.[17]

All counsel and defendants thus were put on notice of the required time frame for answering and the consequences of failing to do so.

Service of the Amended Notice was accomplished on various defendants beginning in December, 2011. As a matter of administrative convenience, counsel for Sabine decided that the Proofs of Service would all be filed contemporaneously following the completion of service on all named defendants.

On January 10, 2012, a Consolidated FRCP 71.1 Motion to Dismiss, Objections and Defenses, Answer and Motion to Stay Proceeding (the "Original Consolidated Motion") was filed on behalf of "the owners of the property identified in this condemnation action that have been properly served."[18] Because the filing did not identify the defendants who were appearing, by letter dated January 12, 2012, Sabine requested that counsel who had signed the motion identify the defendants on whose behalf the filing had been made.[19] Counsel did not respond to this request.

---

[17] Rec. doc. 10 at 2-3 (emphasis in original).

[18] Rec. doc. 11 at 1.

[19] Ex. 2. That letter also requested that counsel identify the indispensable parties they contended should have been but were not named as defendants in the proceeding. Ex. 2. Counsel for Sabine again requested this information by e-mail dated March 2, 2012. Ex. 3. As of the filing of this response, neither the Answering Defendants nor their counsel have provided the requested information.

7

The Court subsequently scheduled a telephonic status conference to address, among other things, the Original Consolidated Motion.[20] During that conference, the Court indicated that the filing was deficient in that it failed to identify the defendants on whose behalf it had been made. Counsel for those unnamed defendants thus were ordered to file an amended pleading identifying the defendants they were representing. This order was memorialized in a Minutes of Status Conference and Order signed on January 30, 2012, which provided in relevant part:

> Counsel for the defendants shall file an Amended consolidated pleading **setting forth each defendant represented by counsel**. As additional defendants are properly served, counsel shall file Supplemental Amended pleadings on behalf of each defendant that counsel will represent in this action.[21]

Despite this order, counsel for the unnamed defendants failed to promptly file an amended pleading. Indeed, it was not until March 9, 2012, more than six weeks after the status conference, that counsel finally filed on behalf of 43 named defendants an amended Consolidated FRCP 71.1 Motion to Dismiss, Objections and Defenses, Answer and Motion to Stay Proceeding (the "Amended Consolidated Motion").[22]

All but one of the Non-Answering Defendants had been personally served, either through in-hand or domiciliary service, prior to the filing of the Amended Consolidated Motion. However, in that filing, 11 defendants asserted that the Amended Notices had

---

[20] Rec. docs. 14 & 15.

[21] Rec. doc. 18.

[22] Rec. doc. 48. Of course, if as asserted in the Motion for Leave they were represented by counsel, the Non-Answering Defendants could have joined in the Amended Consolidated Motion. For reasons known only to the Non-Answering Defendants and their counsel, they did not do so. That decision is not attributable to Sabine.

8

not been delivered directly to them and that the service therefore was deficient.[23] Based on discussions with the process server, Sabine believed that in-hand service of the Amended Notice had been made on several of those defendants. Sabine also believed that domiciliary service on the remaining defendants was appropriate and authorized by Rule 71.1 and Rule 4. Nevertheless, rather than incur the time and expense of litigating the adequacy of the service, Sabine elected to arrange for the Amended Notice to be re-served on the 32 Louisiana residents who did not join in the Amended Consolidated Motion and specifically directed that service be accomplished by delivery of the Amended Notice directly to each of those defendants. Counsel for the Answering and Non-Answering Defendants were aware of these efforts, as confirmed by their filing of a pleading on behalf of one of the remaining defendants adopting the Amended Consolidated Motion.[24]

At no point, before or after the filing of the Amended Consolidated Motion, did counsel for the Answering and Non-Answering Defendants inquire as to the status of service, request that they be informed when service was accomplished, or object to the manner in which Sabine was proceeding.

Upon being served, each defendant was put on notice of the applicable deadline for answering and the consequences of the failure to do so. If a defendant did not promptly inform counsel that service had been accomplished, that omission is not attributable to Sabine. Similarly, if a defendant informed counsel that service had been

---

[23] Rec. doc. 48 at 2 fn.2.

[24] Rec. doc. 69.

9

accomplished but counsel failed to file an answer on the defendant's behalf, that omission is not attributable to Sabine.

The Non-Answering Defendants and their counsel were responsible for assuring timely answers were filed. The attempt to blame Sabine for their failure to fulfill that responsibility is factually and legally groundless.

Therefore, Sabine Pipe Line LLC respectfully prays that the Court (i) deny the Motion for Leave and (ii) grant Sabine such other and further relief, at law or in equity, to which it may be justly entitled.

        Respectfully submitted:

        s/ Frederick D. Junkin
        Frederick D. Junkin, Trial Attorney
        Western District No. 913470
        Paul S. Radich
        Western District No. 913471
        Andrews Kurth LLP
        600 Travis, Suite 4200
        Houston, Texas 77002
        (713) 220-4200
        (713) 220-4285 (Fax)
        fredjunkin@andrewskurth.com
        paulradich@andrewskurth.com

        s/ Leon Gary, Jr.
Leon Gary, Jr.
Louisiana Bar Roll No. 05959
Ryan Johnson
Louisiana Bar Roll No. 26352
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre L.L.P.
8555 United Plaza Blvd., Suite 500
Baton Rouge, Louisiana 70809
(225) 248-2024
(225) 248-3024 (Fax)
lgary@joneswalker.com
rjohnson@joneswalker.com

and

Gary J. Russo
Louisiana Bar Roll Number 10828
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501
(337) 593-7600
(337) 593-7601 (Fax)
grusso@joneswalker.com
mailto:grusso@joneswalker.com

ATTORNEYS FOR SABINE PIPE LINE LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2012, I presented the foregoing Sabine Pipe Line LLC's Response and Memorandum in Opposition to Motion for Leave to File an Amended Answer Pursuant to Rule 15 of the Federal Rules of Civil Procedure to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record who are authorized to receive filings by electronic service, and I hereby certify that I have mailed, by United States Postal Service, this filing to all counsel and parties of record who are not authorized to receive filings by electronic service.

                                      s/ Frederick D. Junkin
                                      Frederick D. Junkin, Trial Attorney
                                      Western District No. 913470
                                      Andrews Kurth LLP
                                      600 Travis, Suite 4200
                                      Houston, Texas 77002
                                      (713) 220-4200
                                      (713) 220-4285 (Fax)
                                      fredjunkin@andrewskurth.com