UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SABINE PIPE LINE LLC, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | Civil Action No. 6:11-CV-02050 |
| v. ) | |
| ) | JUDGE RICHARD T. HAIK, SR. |
| 60.88 ACRES OF LAND, MORE OR ) | |
| LESS, IN VERMILION PARISH, ) | MAGISTRATE JUDGE |
| LOUISIANA; MARCIA ANNE EVANS ) | C. MICHAEL HILL |
| A/K/A MARCIA EVANS PAGEAU, *ET* ) | |
| *AL.*; AND ALL UNKNOWN OWNERS, ) | |
| ) | |
| **Defendants** ) | |

**SABINE PIPE LINE LLC'S
MOTION FOR SUMMARY JUDGMENT
ON THE RIGHT TO ACQUIRE THE DEFENDANTS' UNDIVIDED INTERESTS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Sabine Pipe Line LLC ("Sabine") files this Motion for Summary Judgment on the Right to Acquire the Defendants' Undivided Interests.[1]

**I.**

This is a condemnation proceeding initiated pursuant to the Natural Gas Act, 15 U.S.C. Section 717f (the "Act").[2] Sabine is acquiring the defendants' fee simple, or full ownership, interest in the surface estate of a 60.88-acre tract of land (the "Property") for use in connection

---

[1] Citations to filings included in the record in this proceeding shall be by reference to the document number assigned the filing in the Court's CM/ECF filing system.

[2] In its Complaint for Condemnation, Sabine asserted an alternative cause of action to expropriate the Property under Sections 2(5) and 2(11) of Title 19 of the Louisiana Revised Statutes. The granting of this motion would moot that cause of action. Accordingly, although reserving its state-law expropriation claim, Sabine is not seeking a ruling on that alternative cause of action at this time.

with the operation, protection, and maintenance of its existing pipelines and related facilities located thereon and the Henry Hub — a site in Vermilion Parish at which Sabine owns and operates facilities interconnecting with numerous interstate and intrastate natural gas pipelines.

## II.

Sabine holds a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission in Docket No. CP91-501-000. That certificate authorizes Sabine to "operate the Henry Hub."[3] Pursuant to Section 717f(h) of the Act, Sabine is vested with the power of condemnation to acquire property necessary for the exercise of that authority.

## III.

Sabine initiated this proceeding with the filing of its Complaint for Condemnation (the "Complaint"). Thereafter, the known defendants were personally served with an Amended Notice of Condemnation, and the unknown interest owners were served with notice of the proceeding by publication.

## IV.

A defendant's options for responding to a condemnation proceeding are set forth in Rule 71.1(e) of the Federal Rules of Civil Procedure. Rule 71.1(e)(2) provides that "[a] defendant that has an objection or defense to the taking ***must*** serve an answer within 21 days after being served with the notice."[4] Rule 71.1(e)(3) establishes that "[a] defendant ***waives*** all objections and defenses not stated in its answer."[5]

---

[3] Statement of Material Facts Not in Dispute, ex. 8 at 8.

[4] Fed. R. Civ. P. 71.1(e)(2) (emphasis added).

[5] *Id*. 71.1(e)(3) (emphasis added).

## V.

Sabine's Complaint named as defendants 100 individuals and entities known or believed to own undivided interests in the Property. Ninety-eight defendants (the "Answering Defendants") have filed an answer in response to the Complaint.[6] In that answer, the Answering Defendants asserted the following objections and defenses to Sabine's acquisition of the Property:

- Sabine lacks authority to condemn the Property because it has the right to operate its facilities under an existing lease;

- Sabine's proposed acquisition is an impermissible anticipatory taking because it has the right to operate its facilities under an existing lease;

- There is insufficient evidence of the scope of Sabine's certificated authority;

- The land comprising the Property exceeds the amount of land necessary for continued operation of Sabine's facilities;

- The condemnation is abusive and in bad faith because (i) Sabine does not need to acquire the Property so long as it has lease rights and (ii) it may impact an environmental claim the Answering Defendants have asserted against an affiliated entity and other parties in a pending state-court suit in Vermilion Parish;

- The condemnation is barred by laches;

---

[6] Rec. doc. 174. As discussed in Sabine's Motion to Confirm its Right to Acquire the Undivided Interests Owned by Non-Answering Defendants (rec. doc. 126) and Response and Memorandum in Opposition to Motion for Leave to File an Amended Answer Pursuant to Rule 15 of the Federal Rules of Civil Procedure (rec. doc. 158), 54 of the Answering Defendants did not timely file answers to the Complaint. Sabine thus argued that those defendants had waived any objections and defenses to the acquisition of their undivided interests in the Property. All of the Answering Defendants subsequently were granted leave to file a Second Amended Consolidated FRCP 71.1 Motion to Dismiss, Objections and Defenses, Answer and Motion to Stay Proceeding, in which the 54 Answering Defendants who had not previously answered joined in the objections and defenses that had been asserted on behalf of other undivided interest owners. (Rec. docs. 173 & 174.) In this motion, Sabine addresses the objections and defenses that have now been asserted on behalf of all of the Answering Defendants. In so doing, Sabine is not waiving its contention that, as to 54 of the Answering Defendants, those objections and defenses were untimely.

- The acquisition violates the Fifth Amendment because (i) there is no public purpose or necessity for the acquisition so long as Sabine has lease rights and (ii) the compensation offered for the Property was insufficient; and

- There are indispensable parties who were not named as defendants in this proceeding.[7]

As provided in Rule 71.1(e)(3), all other objections and defenses to Sabine's acquisition of the Property have been waived.[8]

## VI.

The relevant facts underlying this proceeding are set forth in Sabine's Statement of Material Facts Not in Dispute filed in conjunction with this motion. That filing and the accompanying exhibits are incorporated herein by reference.

## VII.

Pursuant to Rule 71.1(h)(1), the right to condemn is to be determined by the Court.[9] In this proceeding, an evidentiary hearing is not necessary.

For the reasons discussed in the memorandum in support of this motion, the Answering Defendants' objections and defenses do not negate Sabine's right to acquire the Property. There is no genuine dispute as to any material fact regarding Sabine's authority to condemn the Answering Defendants' undivided interests in the Property, subject only to the payment of just compensation.

---

[7] Rec. doc. 174 at 18-24. The Answering Defendants also asserted a jurisdictional objection to Sabine's alternative expropriation claim under Louisiana law. *See supra* note 2. Because that alternative claim is not addressed in this motion, Sabine is not seeking a ruling on that objection at this time.

[8] Fed R. Civ. P. 71.1(e)(3); *see Gov't of V.I. v. 19.623 Acres of Land*, 536 F.2d 566, 569-70 (3rd Cir. 1976); *U.S. v. 4.724 Acres of Land*, 31 F.R.D. 290, 291 (E.D. La. 1962).

[9] Fed. R. Civ. P. 71.1(h)(1).

Sabine likewise is entitled to acquire the undivided interests, if any, of the two named defendants and the unknown interest owners, if any, who have not appeared, answered, or objected to Sabine's acquisition of the Property.

Therefore, Sabine Pipe Line LLC respectfully prays that the Court establish deadlines for the filing of any responses in opposition to this motion and replies to any such responses and, upon consideration of the motion and any responses and replies, (i) grant the motion, (ii) enter an Order confirming Sabine's right to acquire the defendants' undivided interests in the Property, subject only to the payment of just compensation, and (iii) grant Sabine such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted:

s/ Frederick D. Junkin
Frederick D. Junkin, Trial Attorney
Western District No. 913470
Paul S. Radich
Western District No. 913471
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)
fredjunkin@andrewskurth.com
paulradich@andrewskurth.com


s/ Leon Gary, Jr.
Leon Gary, Jr.
Louisiana Bar Roll No. 05959
Ryan Johnson
Louisiana Bar Roll No. 26352
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre L.L.P.
8555 United Plaza Blvd., Suite 500
Baton Rouge, Louisiana 70809
(225) 248-2024
(225) 248-3024 (Fax)
lgary@joneswalker.com
rjohnson@joneswalker.com

and

Donald W. Washington
Louisiana Bar Roll Number 21402
Gary J. Russo
Louisiana Bar Roll Number 10828
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501
(337) 593-7600
(337) 593-7601 (Fax)
dwashington@joneswalker.com
grusso@joneswalker.com

ATTORNEYS FOR SABINE PIPE LINE LLC

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 7, 2012, I presented the foregoing Sabine Pipe Line LLC's Motion for Summary Judgment on the Right to Acquire the Defendants' Undivided Interests to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record who are authorized to receive filings by electronic service, and I hereby certify that I have mailed, by United States Postal Service, this filing to all counsel and parties of record who are not authorized to receive filings by electronic service.

                s/ Frederick D. Junkin
                Frederick D. Junkin, Trial Attorney
                Western District No. 913470
                Andrews Kurth LLP
                600 Travis, Suite 4200
                Houston, Texas 77002
                (713) 220-4200
                (713) 220-4285 (Fax)
                fredjunkin@andrewskurth.com